**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TERRY L. STEELE,
          Appellant,

    v.

DEPARTMENT OF STATE,
          Agency.

DOCKET NUMBER
DC-1221-19-0379-W-1

DATE: July 3, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>August Bequai</u>, Esquire, McLean, Virginia, for the appellant.

<u>Trent Buatte</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant filed an IRA appeal alleging that the agency lowered his annual performance appraisal in retaliation for the following two disclosures: (1) his supervisor failed to give him a mid-year performance review in violation of agency rules and regulations; and (2) agency officials within Overseas Buildings Operations (OBO) made false statements on a Contract Performance Assessment Reporting System (CPARS) review of a contractor's project in Afghanistan.  Initial Appeal File (IAF), Tab 1 at 26-29, Tab 5 at 4-9.  He requested a hearing.  IAF, Tab 1 at 4.

The administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID) at 1, 8.  He found that the appellant's first disclosure concerning whether the agency conducted a mid-year performance review, and if so, when it occurred, was about nothing more than a factual error or mistake regarding the date of the undocumented review that was corrected by the appellant's first-line supervisor immediately after the appellant brought the error to his attention, and the appellant did not object to the corrected date.  ID at 5.  He also found that failure to document a mid-year performance review on a certain agency form, assuming such a failure took place, is of such a trivial nature that the appellant could not have reasonably believed that the agency was violating a law, rule, or regulation.  ID at 5-6.  Additionally, the administrative judge found that the appellant failed to nonfrivolously allege that he made a protected disclosure when he expressed his disagreement with the rating of an agency contractor's performance.  ID at 6.  He found that the appellant failed to make a nonfrivolous allegation that the contractor's unsatisfactory rating amounted to gross mismanagement, a gross waste of funds, or an abuse of authority.  ID at 6-7.

In his petition for review,[2] the appellant contends that the administrative judge erred in finding that the appellant merely disclosed that his supervisor misidentified the date of the appellant's mid-year performance review when his complaint involved his supervisor directing him to sign a document, thus acknowledging that a mid-year performance had happened when it had not. Petition for Review (PFR) File, Tab 2 at 7-8. He also asserts that the administrative judge erred in finding that the appellant merely disagreed with management's proposal to rate a contractor's performance as unsatisfactory. The appellant maintains that he disclosed that a CPARS review had been falsified to cover up management's incompetence and waste of agency resources. *Id.* at 8.[3] The agency has responded to the appellant's petition for review, PFR File, Tab 4, and the appellant has replied to the response, PFR File, Tab 5.

## ANALYSIS

The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a

---

[2] Attached to the appellant's petition for review are numerous documents. Because we are remanding this appeal for further proceedings, we need not discuss the appellant's petition-for-review submissions. The appellant will have the opportunity to offer these documents into the record on remand consistent with the Board's regulations and the administrative judge's instructions.

[3] In his petition, the appellant contends that the administrative judge improperly relied on *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016), and *Morrall v. Department of Defense*, 97 M.S.P.R. 378, ¶ 5 (2004), because of factual differences between those cases and his. PFR File, Tab 2 at 3. However, the administrative judge properly relied on *Graves* for the point of law that there is no statutory right to a jurisdictional hearing in an IRA appeal pursuant to 5 U.S.C. § 1221 and on *Morrall* for the point of law that the Board's jurisdiction in an IRA appeal is determined based on the written record. ID at 2. The factual differences between those cases and this appeal are not relevant to the proposition for which the administrative judge cited the cases.

contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Kerrigan v. Department of Labor*, 122 M.S.P.R. 545, ¶ 10 n.2 (2015) (citing 5 U.S.C. §§ 1214(a)(3), 1221(e)(1)), *aff'd*, 833 F.3d 1349 (Fed. Cir. 2016); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). A disclosure made to a person who participated in the activity that is the subject of the disclosure or a disclosure made during the normal course of duties of an employee is not excluded from an IRA claim. 5 U.S.C. § 2302(b)(8); *Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶¶ 18-26 (2013). Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015).

A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 8 (2013). The categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8) are the following: a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety. *See Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 12 (2014). The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced one of the categories of wrongdoing set forth above. *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999); *Linder*, 122 M.S.P.R. 14, ¶ 12. The disclosure must be specific and detailed, not a vague allegation of wrongdoing. *Linder*, 122 M.S.P.R. 14, ¶ 14; *Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616,

¶ 13 (2006); *Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, ¶ 11 (1999). Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction. *Rzucidlo*, 101 M.S.P.R. 616, ¶ 14.

The parties do not dispute, and we find no reason to disturb, the administrative judge's finding that the appellant exhausted his administrative remedies before OSC based on his allegation that he was being retaliated against for whistleblowing disclosures. ID at 5 n.2; IAF, Tab 1 at 76-82; *see* 5 U.S.C. § 1214(a)(3)(B).[4] However, as explained below, we find that the administrative judge erred in finding that the appellant failed to make a nonfrivolous allegation that he disclosed a matter that a reasonable person in his position would believe evidenced a violation of 5 U.S.C. § 2302(b)(8).

The appellant made a nonfrivolous allegation that he made a protected disclosure that his supervisor failed to give him a mid-year performance review in violation of agency regulations.

The appellant has consistently alleged that he disclosed that his supervisor failed to give him a mid-year performance review in violation of agency regulations. In a submission to OSC, the appellant stated that there was "not any mid-year review." IAF, Tab 1 at 28. Again, in his response to the administrative judge's jurisdictional order, the appellant repeated his statement that there was "not any mid-year review." IAF, Tab 5 at 7. Moreover, the appellant identified the agency regulatory provision violated by a supervisory failure to give an employee a mid-year performance review. *Id.* at 9.

The administrative judge, however, characterized the appellant's disclosure as a difference between himself and his supervisor about the date that the mid-year performance review took place. ID at 5. The administrative judge

---

[4] OSC at first stated that the appellant received his performance appraisal before May 2017. IAF, Tab 1 at 78 n.1. Subsequently, however, OSC corrected the record to note that the appellant's appraisal was first entered on July 27, 2017, *id.* at 76, and that thus, the appellant's alleged disclosures predated his appraisal and he had exhausted his administrative procedures regarding them.

found that the appellant's disclosure appeared to concern nothing more than a factual error or mistake about the date of the mid-year performance review that was corrected by his first-line supervisor immediately after it was brought to his attention by the appellant. *Id.* In support of this finding, the administrative judge relied on the agency's submission of email documentation from February 2017 reflecting that the appellant and his supervisor discussed when the mid-year performance review was held, and that, although the appellant's supervisor first noted it took place in September 2016, after discussion with the appellant, he changed course and noted it occurred in June 2016. *Id.*

In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Here, the administrative judge erroneously relied on the agency's evidence to determine that the appellant failed to make a nonfrivolous allegation of retaliation for making a protected disclosure. The agency's evidence showing that the appellant's supervisor changed the date that he represented that the mid-year performance review occurred constitutes mere factual contradiction of the appellant's allegation that his supervisor violated agency regulations by failing to give the appellant any mid-year performance review before giving the appellant his final appraisal.

There is no de minimis exception for a disclosure involving a violation of law, rule, or regulation falling within the scope of 5 U.S.C. § 2302(b)(8)(A)(i). *Fisher v. Environmental Protection Agency*, 108 M.S.P.R. 296, ¶ 9 (2008). Accordingly, we find that, through his written submissions, the appellant made a nonfrivolous allegation that he had a reasonable belief that his supervisor failed

to give him a mid-year performance review and that such failure evidenced a violation of rule, or regulation.

<u>The appellant made a nonfrivolous allegation that his purported protected disclosure that his supervisor failed to give him a mid-year performance review in violation of agency regulations was a contributing factor in the agency's decision to lower his annual performance appraisal.</u>

To satisfy the contributing factor criterion at the jurisdictional stage of an IRA appeal, the appellant only need raise a nonfrivolous allegation that the fact or the content of the protected disclosure was one factor that tended to affect the personnel action in any way. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 13 (2016). One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* An appellant may meet the knowledge portion of the knowledge/timing test by showing that the official taking the action had constructive knowledge of the protected disclosure, even if the official lacked actual knowledge, by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *See Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014).

Here, the appellant alleged that, in February 2017, his supervisor asked him to acknowledge receipt of the mid-year performance review, and he denied that such review had occurred and expressed his view that the supervisor's failure to give him a mid-year review was a violation of agency regulations. IAF, Tab 1 at 28. Further, in May 2017, the appellant met with the human resources office. The meeting was memorialized in writing, and the appellant submitted that document into the record. *Id.* at 58-60. According to that document, the Human

Resources Branch Chief stated that she would follow up with the appellant's supervisor regarding the appellant's issues with his appraisal. *Id.* at 60.

Under these circumstances, the appellant has nonfrivolously alleged that his supervisor had actual or constructive knowledge of his disclosure. Further, the appellant received his performance appraisal in July 2017, about 5 months after his meeting with his supervisor and about 2 months after his meeting with human resource officials. Given this timing, the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *See Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 13 (2014) (finding that a gap of less than 6 months between a disclosure and a personnel action is sufficiently proximate to satisfy the timing prong of the knowledge/timing test). Thus, the appellant has established jurisdiction over his assertion that the agency retaliated against him for his disclosure that his supervisor failed to give him a mid-year performance review.

<u>The appellant made a nonfrivolous allegation that he made a protected disclosure that agency officials made false statements on the CPARS review of a contractor.</u>

The appellant also consistently alleged that he disclosed that agency officials falsified the CPARS review of a specific contractor. Shortly after he learned of the proposed unsuccessful rating for the contractor in February 2016, the appellant told his second-level supervisor that the CPARS comments were false. IAF, Tab 1 at 36. Additionally, the human resources office record of the May 2017 discussion with the appellant shows that the appellant disclosed that his supervisor was trying to get the appellant to falsify the CPARS review for a specific project in Afghanistan. *Id.* at 58.

As noted, the administrative judge characterized the appellant's alleged disclosure as a disagreement with the rating of a contractor's performance. ID at 6. He found that the appellant failed to show that the disagreement established one of the types of wrongdoing set forth in 5 U.S.C. § 2302(b)(8). ID at 6-8. The

administrative judge's finding, however, failed to consider the appellant's phrasing of his allegation, that the CPARS review was falsified, and whether the appellant's falsification allegation constituted a reasonable belief of a violation of 5 U.S.C. § 2302(b)(8).

The record shows that the appellant explained the basis for his belief that the CPARS review was falsified, i.e., that he had different information about the contractor that did not support the unsatisfactory ratings in the CPARS review, apparently gleaned from his three trips to Afghanistan. IAF, Tab 1 at 58, Tab 5 at 8. The appellant also supports his assertion that he had a reasonable belief that the CPARS review was falsified by reference to his position with the agency involving highly specialized expertise in international construction, IAF, Tab 1 at 28, and his observation that the CPARS review did not match up with OBO facilities reports or his own observations, *id.* at 36. Nothing in the record contradicts the appellant's assertion that he was in a position to observe the contractor during his trips to Afghanistan, validating the reasonableness of his belief that the CPARS review was falsified. *See Johns v. Department of Veterans Affairs*, 95 M.S.P.R. 106, ¶¶ 9-10 (2003) (finding that the appellant made a nonfrivolous allegation of a protected disclosure because the appellant based his disclosures on his first-hand detailed observations). Under these circumstances, we find that the appellant made a nonfrivolous allegation that he had a reasonable belief that the CPARS review was falsified, constituting a violation of § 2302(b)(8). *See Reeves v. Department of the Army*, 99 M.S.P.R. 153, ¶ 14 (2005) (finding that, because the appellant was allegedly required to qualify with and maintain proficiency in the use of a firearm, a reasonable person with his knowledge could conclude that his allegations regarding falsification of weapons qualifications scores evidenced a violation of law or an abuse of authority).

<u>The appellant made a nonfrivolous allegation that his purported protected disclosure that agency officials made false statements on the CPARS review of a contractor was a contributing factor in the agency's decision to lower his annual performance appraisal.</u>

Applying the knowledge/timing method of showing contributing factor, the appellant made a nonfrivolous allegation of contributing factor regarding his allegation that the agency falsified the CPARS review. He asserted that he copied his supervisor on memoranda in which he expressed his opinion about the unsatisfactory CPARS review that was proposed in February 2016, IAF, Tab 1 at 33, 36, and he disclosed the falsification of the CPARS review during his meeting with the human resources office in May 2017, prompting the Human Resources Branch Chief to state that she would follow up with the appellant's supervisor regarding the appellant's allegations and complaints. *Id.* at 60. Thus, the appellant made a nonfrivolous allegation that his supervisor had actual or constructive knowledge of his disclosure, and he met the knowledge prong of the knowledge/timing test. *See Salerno*, 123 M.S.P.R. 230, ¶ 13. Further, his disclosures occurred within 17 and 2 months, respectively, of his performance review. Thus, he met the timing prong of the knowledge/timing test. *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶¶ 18, 21 (2015) (explaining that the knowledge/timing test allows an employee to demonstrate that a protected disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within 1 to 2 years of the appellant's disclosures). Thus, the appellant has established jurisdiction over his assertion that the agency retaliated against him for his disclosure that the CPARS review of an agency contractor was falsified.[5]

---

[5] In his petition, the appellant alleges that he made a number of protected disclosures in addition to disclosing that his supervisor failed to give him a mid-year performance review in violation of agency regulations and that the agency falsified a CPARS review. PFR File, Tab 2 at 4-5. However, the appellant failed to show that he exhausted his administrative remedies regarding these alleged disclosures, and thus they are not before the Board. *See Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 14 (2004)

**ORDER**

For the reasons discussed above, we VACATE the initial decision and REMAND this case to the Washington Regional Office for the hearing that the appellant requested and further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

(stating that the Board's jurisdiction in an IRA appeal is limited to issues raised before OSC).